## Parsons's Estate. Parsons's Appeal.

82        465<br>34 SC 121

1. Lien creditors of a decedent's estate who deem their interests injuriously affected by the delay of an executrix to sell real estate, have a remedy by proceedings on their claims or under sect. 31 of the Act of 29th March 1832 (Pamph. L. 198).

2. An executrix, with a discretionary power of sale under a will, for the payment of debts, refused to sell certain valuable real estate at a fair price, which had been offered to her, but held it for two years, in the hope of a larger price through the revival of business. She received and appropriated the rents for two years, but at the same time kept the property in good repair. Upon petition by certain lien creditors, who alleged that she had thereby mismanaged the estate, she was removed: *Held*, that there was no cause for a removal, but that the petitioning creditors should have been left to their appropriate remedies.

3. The fact that she at one time agreed to make a sale, but afterwards refused, unless a bonus was paid to her, and the rule of law that the rents during this time belonged to her individually under the will, and did not go to the creditors, do not affect the question.

October 19th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Appeal from the Orphans' Court of *Erie county :* Of October and November Term 1875, No. 239.

Appeal from a decree of the court below removing Annie M. Parsons from the position of executrix of the will of her deceased husband, James W. Parsons, under the provisions of the Act of May 1st 1861.

The petition of the Keystone Bank, the Erie Lime Company and the Dime Savings Company, filed June 10th 1875, set forth that Parsons died in January 1873, leaving a will under which letters testamentary were granted to his wife; that he was indebted to the amount of over $40,000; that he owned a large malt house in Erie, subject to a mortgage of over $26,000 to the Keystone Bank, to mechanics' liens of over $5500, and to the lien of a judgment of

1 NORRIS—30

the Dime Savings Company, on which there was due over $9000; that in June 1873 the Keystone Bank and the Lime Company, with the consent of the executrix, negotiated a sale of the malt house for $33,000, but that she would not sign the deed except upon payment to her of $1000; and that at different times she had demanded different sums as a consideration for completing the sale; that by refusing to sell the property for two years she had acted against the interests of the creditors; that during that time she had received a large rent of over $3000 for the place, which she had appropriated for her family; and that the malt house was going to decay. It prayed a citation to the executrix to show cause why she should not be dismissed, and that she should not be allowed to receive the rents till the further order of the court.

Parsons's will contained this clause: " I also authorize and empower my executors and executrix to sell my malt house property, and any and all other real estate of which I shall or may die seised or possessed, and make all needed deeds to grant and convey the same, and to fix at their discretion and judgment terms of sale, prices and purchasers." After a specific bequest of certain life insurance money, he gave all the residue of his property to his wife.

After a motion to quash the petition was overruled, Mrs. Parsons filed an answer in which she averred that she had acted faithfully in her trust and had filed her account, which had been confirmed; that the malt house was very valuable, and would in ordinary times be worth $50,000; that the alleged liens were invalid, and had been bought up by the Dime Savings Company, excepting a small amount, at only fifty cents on the dollar; that she had never agreed to make a sale of the premises at $33,000; that she had kept the premises in perfect repair and had not mismanaged the estate; that it would be ruinous to force a sale in depressed times; and that the alleged claims of the Keystone Bank and the Dime Savings Company were disputed and were then in litigation.

The evidence as to the then condition of the property was conflicting, but the weight of the evidence was that it was kept in good repair by the executrix. There was also a conflict of evidence as to the value of the property; one witness testified that it was not worth then over $25,000; other witnesses placed a higher valuation upon it. There was evidence in support of the other averments in the petition. It also appeared that the petitioners' claims were then unsettled, as averred in the answer. No proceeding had been taken in the Orphans' Court to compel a sale. It also appeared that the executrix had agreed at one time to sell the property for $32,000, in consideration of her receiving $2500, for the payment of unsecured debts of the estate, and that after this latter sum was paid to her she declined to convey.

A commissioner was appointed to take testimony. The court below, after a consideration of the evidence, made an order revoking

[Parsons's Estate.]

the letters testamentary and removing the executrix.   No written opinion was delivered.   The executrix took this appeal.

*J. C.* and *F. F. Marshall*, for the appellant.

*Davenport & Griffith*, for the appellees.

Mr. Justice SHARSWOOD delivered the opinion of the court, October 30th 1876.

By the provision of the Revised Code of March 29th 1832, Pamph. L. 195, the mode of proceeding in the case of an executor wasting or mismanaging the estate or property under his charge is by a citation, and upon the return of such citation the court may require such security as they may think reasonable, and upon his neglect or refusal to give such security to vacate the letters testamentary and award new letters in such form as the case may require. The Act of May 1st 1861, Pamph. L. 680, provides a more summary proceeding to be used at the discretion of the court in place of that authorized by the Act of 1832.   It was under this latter act that the proceedings in the court below in this case were instituted and carried on.   It is a much more stringent and summary process to remove an executor, and it must clearly appear from the evidence that a case was made out under it, and that the discretion of the court was properly exercised.   It must clearly appear that the executor is "wasting or mismanaging the property or estate under his charge, or that for any reason the interests of the estate or property are likely to be jeopardized by the continuance of such executor."

The appellant is the surviving executrix of the will of her deceased husband, James W. Parsons.   Under that will she has discretionary power to sell his malt house and any and all other real estate of the testator.   She is expressly to fix according to her discretion and judgment terms of sale, prices and purchasers.   The petitioners below are lien-creditors of the estate.   They aver in their petition that all the real estate of the testator is the malt house mentioned in his will ; that the liens against it are more than its value ; that the interest on the indebtedness is rapidly increasing; that the malt house is fast going to decay, and that the appellant has refused to make a private sale under the power in the will at what they allege to be a full and fair price.   Upon the return of the citation and answer filed by the respondent, a commissioner was appointed to take testimony, and the evidence before him was returned and is spread on this record.   The court made a decree vacating the letters testamentary and removing the executrix, from which she appealed.

The allegation of the petitioners, that the malt house was fast going to decay, is certainly not supported by the proofs.   On the contrary, the weight of the evidence is that it was in a much better

state of repair when the petition was presented than when the testator died, and by the existing lease of the premises made by the appellant, provision is made allowing the tenant to expend one thousand dollars of the annual rent in repairs.   The other allegations of the petition are substantially sustained.

The question then is whether the refusal by the appellant to execute a power of sale of real estate, vested in her discretion by the terms of the will, is such a wasting, mismanaging or jeopardizing the estate as to justify the court in the decree which they made vacating the letters testamentary and removing her from the trust. We see nothing else, after a careful examination of all the evidence, but this ground upon which the court could have proceeded.   The fact of her having at first agreed, at the solicitation of the creditors, to make a sale under the will at a certain price, upon their advancing a sum of money to pay other creditors, and their making such advance and her afterwards insisting upon another sum of money, even though she meant such further sum as a bonus to herself, for which, however, it is clear she would have had to account as executrix, have no material bearing upon the case.   Nor can speculation upon the probable rise or fall in the market value of the property affect the question.   She may be entirely wrong in the idea that the longer she can manage to prevent the sale of the malt house the higher will be the price obtained and the greater the advantage to all persons interested in the estate.   The fact that the rents and profits, in the meantime, do not go to the creditors, but belong to the devisees, is a conclusion of law, and is not imputable to her.   All these considerations are to be weighed by the appellant in the exercise of the discretion confided to her.   We see nothing in it all to show any unfaithfulness to her trust, nor any wasting, mismanaging or jeopardizing the estate.   The creditors who deem their interest injuriously affected by any unreasonable delay in the sale of real estate for the payment of debts, have their remedies either by proceedings at law upon their claim and compelling a sale by execution or under the 31st section of the Act of 29th March 1832 (Pamph. L. 198), by an order of the Orphans' Court.   That would not be a sale under the power in the will, but a judicial sale for the payment of debts.   It is plain then, we think, under this evidence, that there is nothing to convict the appellant of wasting or mismanaging the property under her charge or of jeopardizing the interests of the estate, and the court below ought not to have vacated her letters, but to have left the petitioning creditors to their appropriate remedies.

Decree reversed ; the costs below and the costs of this appeal to be paid by the appellees.