## Eliza Miller's Estate.   George T. Brooks's Appeal.

*Practice, O. C.—Petition and answer—Replication—Irrelevant matter.*

A petition for the removal of a trustee averred that the trustee in his second and final account filed expressed his desire to be discharged. The petition prayed the court to enter a decree discharging him at his own request. The trustee filed an answer averring that while he formerly desired to be discharged he had since been advised and believed that it was to the best interest of the estate that he should continue as executor and trustee. A replication was thereupon filed denying that it was to the best interest of the estate that the trustee should continue to act, and averring actual or prospective insolvency of the trustee, and also mismanagement. *Held,* (1) that this was bad practice; that instead of filing a replication averring new matter, the petitioners should have asked leave to amend their petition by inserting therein other grounds for the trustee's discharge ; (2) that the trustee, by acquiescing in the proceeding and by

taking testimony upon the consideration of which the court discharged him, could not after entry of the final decree against him take advantage of the irregularity in the proceedings; (3) that merely verbal objections to the irregularity without any objection filed of record would be of no avail to help him after final decree.

Argued Feb. 17, 1896.  Appeal, No. 65, July T., 1895, by George T. Brooks, executor, from decree of O. C. Lebanon Co., Dec. T., 1892,·No. 34, removing executor and trustee.  Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ. Affirmed.

Petition for removal of executor and trustee.

The substance of the pleadings appear by the opinion of the Supreme Court.

EHRGOOD, J., filed the following opinion:

Eliza Miller, at the time of her death, was the owner in fee of a certain house and lot of ground, situate in the city of Lebanon, Pa., which, in and by her last will and testament, bearing date December 21, 1886, since her decease duly proved in the register's office of Lebanon county, and letters testamentary thereon issued to Geo. T. Brooks, the executor therein named, she devised to her daughter Amanda for life and after her death to the children of said Amanda.

Authority is given in said will to the said executor to sell said house and lot of ground, on the written request of said Amanda.  The property was sold in pursuance of the directions contained in said will for the sum of $1,720 and the purchase money paid to said executor.

Upon a sale of said property the will provides as follows: " And after such sale my said executor shall invest the money so realized from the sale of the said real estate in other real estate, well situated or located—the location to be satisfactory to my daughter Amanda, and of the new property purchased with the proceeds of the old, my daughter shall have the use and income as of the one sold during her natural lifetime as aforesaid, and after her death the sale (same) shall descend to and vest in her child or children."

The said executor, at the request of said Amanda, bought another house from Dr. J. R. Beckly for the sum of $1,400, but instead of using the proceeds of the sale of the first house

to pay for the same, as directed by said will, he used $200 of the said trust funds in his own business and loaned nearly the whole of the balance on personal security to his counsel, as an accommodation.

The purchase money was to be paid on April 15, 1894, and a deed for the property executed and delivered, but so far only $700 of the purchase money is paid and the balance or $700 remains unpaid, and no deed is executed and delivered.

The acts of the executor in not applying the proceeds of the sale of the first house to pay for the second house are in violation of the clearly expressed directions of said will. [Upon the petition and answer alone the court would not be justified in dismissing the executor, but the replication which is responsive to the answer we think is sufficient to warrant us to consider the testimony bearing upon the question of mismanagement.] [3]

The testimony supports the facts above stated. The mismanagement of a testamentary trustee cannot be overlooked any more than that of a trustee appointed by the court. The loan on personal security of a part of the proceeds of the sale of the first house in violation of the directions in the will to invest in other real estate, the use of a part of the trust funds in his own business, and the somewhat hostile relations existing between the executor and the cestui que trust are matters that make it the duty of the court to intervene.

[We think that the proceedings in this case disclose a case for relief, and the rule is accordingly made absolute, the letters testamentary granted to said Geo. T. Brooks revoked, and the said executor dismissed, upon payment of the balance of the trust funds in his hands to Harry Gerhart, who is hereby appointed in his place and stead. Letters of administration c. t. a., to be granted to said Harry Gerhart, by the register of wills of Lebanon county, upon said estate, upon entering security in the sum of $1,700, with one or more sureties to be approved by the court.] [4]

*Errors assigned* were (1, 2) in assuming jurisdiction on the petition filed in the case; (3, 4) portions of opinion as above, quoting them.

*Bassler Boyer*, for appellant.—The court had no jurisdiction

under the pleadings: Act of March 29, 1832, P. L. 207; Cohen's App., 2 W. 175; Cassidy v. Knapp, 167 Pa. 305.

*W. D. Fisher*, for appellees, cited: Steffy's App., 76 Pa. 94; 3 Rhone Orphans' Court Practice, sec. 745.

PER CURIAM, March 16, 1896:

In their petition for the discharge of appellant as trustee etc., the appellees aver that in his second and final account filed, appellant expressed his desire to be discharged etc., and pray the court to enter a decree discharging him at his own request. In his answer, appellant avers that while he then desired to be discharged, or intended making an application for his discharge, he has since been advised and believes that it is to the best interest of the estate that he should continue as executor and trustee. A replication was thereupon filed by the appellees denying that it is to the best interest of the estate that appellant should continue to act, etc., and, in support thereof, they aver actual or prospective insolvency of appellant, mismanagement, etc. This was bad practice. Instead of filing a replication, and averring therein new matter as ground for appellant's discharge, they should have asked leave to amend their petition by inserting therein other grounds for appellant's discharge; or the appellant might have moved to strike out the irrelevant matter. But, so far as the record shows, neither party attempted to correct the pleadings. On the contrary, they acquiesced therein, and proceeded to take testimony, upon consideration of which the court found such gross mismanagement, on the part of appellant, as clearly justified his removal from office.

It is now too late for appellant to take advantage of an irregularity in the proceeding which might have been corrected, if he had moved therein at the proper time, and in an appropriate manner. It is idle to say that he objected to the proceeding. If he had done so in the proper way, the fact should appear of record. Merely verbal objections, without more, would of course be of no avail.

Decree affirmed, and appeal dismissed with costs to be paid by appellant.