# Mansfield's Estate.

*Guardian and ward—Trusts and trustees—Removal of guardian—Removal of trustee.*

A testamentary trustee who was also guardian of testator's minor child, will be removed where it appears that he lost three years' rent of premises through imprudent indulgence of tenants; that he resisted a suit by which the sum of $1,413 was found to be in his hands, belonging to the estate of a sister of the minor, in which the minor had an ultimate interest; that he made no attempt to invest the sum of $1,175 belonging to his ward, but with which he had erroneously debited himself in his account as trustee; and that after having been ordered by the court to transfer this amount to his account as guardian he denied before the examiner that he was accountable in that capacity.

Argued Jan. 29, 1903. Appeal, by Job R. Mansfield, from decrees of O. C. Phila. Co., April T., 1894, No. 451, dismissing trustee and guardian in estate of Charles C. Mansfield, deceased. Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Petitions for removal of trustee and guardian. Before ASH-MAN, J.

From the record it appeared that Job R. Mansfield was surviving trustee and testamentary guardian under the will of Charles C. Mansfield. The minor, Edith Mansfield, filed two petitions, one praying the removal of the respondent as trustee, and the other his removal as guardian.

The opinion on the first petition was as follows:

Without going into any elaborate review of the testimony, or into any criticism of motives, it is quite clear that the respondent has mismanaged the minor's estate. He was surcharged, by the auditing judge, whose decision was affirmed by the Supreme Court, with three years' rent of premises which had been lost through imprudent indulgence to the tenants; he resisted a suit by which the sum of $1,413 was found to be in his hands, belonging to the estate of a sister of the minor, in which the minor had an ultimate interest, and he made no attempt to invest the sum of $1,175, belonging to his ward, but with which he had erroneously debited himself in his account

as trustee.   After having been ordered by the court to transfer the amount to his account as guardian, he denied before the examiner that he was accountable in that capacity.   He used his position as trustee in prejudice of the interests committed to him as guardian and thereby subjected the estate of the ward to risks which will be avoided by his discharge.   The petition is granted.

The opinion on the second petition was as follows:

The same reasons which have led to the discharge of the respondent as guardian must prevail in this proceeding for his dismissal as trustee.   His management of the trust property has been adverse to the interests of the minor, under his care, as her guardian, and a feeling of hostility has been engendered in the minds of the cestui que trust which, if continued, may prove embarrassing and injurious to all parties.   The petition is granted.

*Errors assigned* were the decrees of the court.

*Wm. H. R. Lukens,* for appellant.—Common skill, common prudence and common caution are all that courts require from trustees: Woodward's Estate, 27 W. N. C. 407; King v. Morrisson, 1 P. & W. 188; Barker's Estate, 159 Pa. 518; Williams's App. 73 Pa., 249; Neafie's App., 199 Pa. 307.

*John Weaver,* for appellee.

PER CURIAM, May 11, 1903:
Decree affirmed on the opinion of the court below.