KAIER'S ESTATE.

## Kaier's Estate.

*Executors and administrators—Removal—Mismanagement—Evidence—Act of May 1, 1861, P. L. 680.*

It must clearly appear that the executor is wasting or mismanaging the property or estate under his charge, or that for any reason the interests of the estate or property are likely to be jeopardized by the continuance of the executor, to warrant his removal upon those grounds.

Argued Feb. 18, 1919. Appeal, No. 227, Jan. T., 1919, by Emily Amelia Kaier Schreyer and Crescentia Kaier Kirby, from decree of O. C. of Schuylkill Co., refusing to vacate letters testamentary granted to Charles F. Kaier, and to remove him as Executor of the Estate of Charles D. Kaier, deceased. Before BROWN, C. J., STEWART, MOSCHZISKER, WALLING and KEPHART, JJ. Affirmed.

Petition for removal of an executor. Before WILHELM, J.

The court dismissed the petition. Petitioners appealed.

*Errors assigned,* among others, were (2-5, 9, 10) findings and conclusions of the court, (6-8) rulings on evidence, and (10, 11) the decree of the court.

*Edmund D. Smith,* with him *J. H. Garrahan* and *James J. Moran,* attorneys for appellants.

*T. H., B. Lyon,* with him *A. D. Knittle* and *D. W. Kaercher,* attorneys for appellee.

OPINION BY MR. JUSTICE STEWART, April 14, 1919:

The appeal is from a decree discharging a rule to vacate letters testamentary granted Charles F. Kaier,

and remove him as executor of the will of Charles D. Kaier, deceased.

Much that is here the subject of dispute results from the fact that by the will of Charles D. Kaier, a man of large and varied interests, he devised his entire estate to his wife Margaret C. Kaier for the term of her natural life, or so long as she remained his widow, with this remainder over, "at and upon her decease or remarriage I give, devise and bequeath to same or so much as may then remain unexpended as follows, to wit": This is followed by a devise of such remainder in equal parts to his six children, naming them, and a like share in trust for a granddaughter. By the will testator appointed his widow, Margaret C., executrix, a son-in-law, Michael Haughey—since discharged—and his son Charles F. Kaier, the appellee, executors. The testator died in May, 1899. The widow immediately thereupon, acting under the power given her in the will, as she understood the devise, took possession of all the assets of the estate and continued the management of its affairs, including the operation of the brewery of Charles D. Kaier, Limited, which constituted a very large part of the estate, in about the same manner the testator himself had done, until her death in 1913. During this period she exercised exclusive and unrestricted control over the estate, converting assets and making investments at her pleasure. By her will she devised her entire estate to four of the legatees under her husband's will, including this appellee, whom she appointed one of her executors. The legatees under the several wills not being the same, dispute has arisen between them as to the amount of the estate of Charles D. Kaier, left for distribution at the death of the wife Margaret C., because of the latter's exclusive management and control exercised over the business of the limited partnership of Charles D. Kaier after her husband's death. In that dispute we have no reason to enter here. The appellee, surviving executor of the will of Charles D. Kaier, has filed his first account to

which exceptions have been filed and that matter is pending. In that proceeding most of the questions raised in this, if not all, can be promptly and properly adjudicated if the parties desire. Instead of waiting the result there to be obtained appellants have asked for the dismissal of the surviving executor. So far as other grounds are averred, outside of the complications between the two estates above mentioned, and which, as we have said, can be adjusted on the exceptions filed to the executor's account, calling for a removal of the appellee, a careful review of the evidence has left us unconvinced of their substantiality. The case has received very careful examination at the hands of the lower court, as is shown by its elaborate findings and very satisfactory discussion. While some facts are developed which, except as they may be further explained, might be regarded as reflecting somewhat upon the executor's diligence in office, yet we are unconvinced that the dismissal of the proceeding by the court was not a wise and prudent exercise of its discretion. Certainly the evidence is not such as to convince us to that effect. Referring to the Act of 1st May, 1861, under which the present proceeding was begun, SHARSWOOD, J., in reversing a decree of dismissal, says in Parson's Est., 82 Pa. 465, "It is a much more stringent and summary process to remove an executor, and it must clearly appear from the evidence that a case was made out under it, and that the discretion of the court was properly exercised. It must clearly appear that the executor is wasting or mismanaging the property or estate under his charge, or that for any reason the interests of the estate or property are likely to be jeopardized by the continuance of such an executor."

The exceptions are overruled, and the decree of the court dismissing the petition is affirmed.