## Boots Estate.

*Executors and administrators—Removal—Findings of fact—Discretion—Abuse.*

The appellate court will not reverse a decree of the orphans' court refusing to remove executors, where the decree is based on findings of fact, supported by sufficient evidence, that, although the executors did a number of things ignorantly and without authority of law, they had not acted dishonestly, and that the estate would not be jeopardized by their continuance in office, and the decree provides for an entry by the executors of a bond in a large amount for the faithful performance of their duties. Such action is not an abuse of discretion.

Argued October 3, 1922. Appeal, No. 78, Oct. T., 1922, by Bertha J. Jackson et al., from decree of O. C. Lawrence Co., June T., 1921, No. 48, dismissing petition for removal of executors, in estate of James D. Boots, deceased. Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition for removal of executors. Before EMERY, P. J.
The opinion of the Supreme Court states the facts.
Petition dismissed. Bertha J. Jackson et al., legatees, appealed.

*Error assigned,* inter alia, was decree, quoting it.

*J. Norman Martin,* of *Martin & Martin,* for appellants.

*J. W. Rhodes,* for appellees, was not heard.

PER CURIAM, January 3, 1923:

This is an appeal from a decree of the orphans' court refusing to remove the executors of the estate of James D. Boots, deceased.

Testator died December 7, 1918, leaving to survive him a widow and eight children; by will, probated January 10, 1919, he named his two sons, James H. Boots and Herbert R. Boots, to serve, without bond, as executors of his estate, and directed there be no appraisement filed; he provided that his wife, Samantha Boots, should, during her widowhood, enjoy the income from all his property, real and personal, with right to draw on principal, if necessary, for her maintenance; and, further, for payment, at her death, of certain legacies and the distribution of the residuary estate among his eight children.

Letters testamentary issued to the persons named in the will; and, on August 15, 1921, four of decedent's daughters, legatees as aforesaid, filed the present petition for the removal of the executors, alleging they had grossly mismanaged the estate. The wrongful acts of omission and commission averred against those in charge of the estate consist chiefly in their failure to keep accounts and render statements; in having invested $6,200 of decedent's funds in mortgages taken in the name of their mother; and, finally, in the alleged conversion to their own use of certain of the funds.

Complainants produced evidence to show that, in March or April, 1921, in the course of a conversation with their brother, James H. Boots, they had expressed their dissatisfaction with the management of the estate, and said a financial statement ought to be given them;

but their brother replied that he did not regard it as necessary, because everything was all right.

It was not until a few weeks before the filing of the present petition, however, that any formal demand for an accounting was made, and the evidence shows that, when this was done, the executors immediately began to prepare an inventory and appraisement; both of these, together with a partial account, were filed by respondents with their answer to the petition, and complainants have not questioned their accuracy.

An examination of the evidence further discloses that the mortgages were purchased in Samantha Boots's name by mistake on part of respondents, as to the requirements of their fiduciary position, and that, on discovering the investments should have been made in their own names, the executors promptly procured assignments to themselves.

Under the allegation that the executors converted testator's funds to their own use, the only evidence brought forth by complainants was that James H. Boots borrowed $2,300 from the estate. This Boots did not deny; but the uncontradicted testimony shows that, in making the loan, he gave his judgment note for the amount involved, and, subsequently, repaid it with interest.

After considering all the evidence, the court below concluded that, "while [the executors] did a number of things ignorantly and without the support of law, there was nothing presented which would warrant the conclusion that they acted dishonestly." That tribunal further finds, "there has been no portion of the estate wasted ......nor is there anything......to show......that the interests of the devisees or legatees......are likely to be jeopardized by the continuance in office of the present executors"; and, desiring to carry out the intentions of the testator, also to provide ample safeguards of the rights of the beneficiaries, the court ordered the executors to give $30,000 security for the faithful performance

of their duties.   This having been entered, we are not
convinced of an abuse of discretion: hence there is no
ground to warrant our interference.

The decree is affirmed at cost of appellants.