MARY MIKECZ, petitioner,

*v.*

JOHN MIKECZ, defendant.

[Decided November 27th, 1923.]

The Divorce act (*P. L. 1907 p. 474*), as construed by this court and the court of errors and appeals, overrides the provision of the unwritten law of condonation in desertion cases, and prevents the tacking together of two periods, one before and one after condonation, to make the two years of willful, continued and obstinate desertion necessary to entitle the deserted party to divorce, and requires that that period shall immediately precede the commencement of the action, notwithstanding the doctrine that a subsequent offense revives former ones which have been condoned.

On petition for divorce.   On application for order of reference *ex parte.*

*Mr. J. Milton Preger,* for the petitioner.

WALKER, CHANCELLOR.

The petitioner, Mary Mikecz, alleges that she and the defendant were lawfully joined in the bonds of matrimony May 7th, 1914; that defendant deserted her in the month of May, 1918, since which time and until April, 1921, and for more than two years, the defendant willfully, continuedly

and obstinately deserted the petitioner; that thereafter and in the month of April, 1921, the petitioner, at the request of the defendant, forgave and condoned the aforesaid offense and again resided and cohabited with defendant until the month of February, 1922, when defendant again deserted her; that by virtue of the desertion in May, 1918, continuing uninterruptedly until 1921, and by reason of the desertion on the part of the defendant during the aforesaid period (1918 to 1921) being willful, continued and obstinate, and continuing for more than two years, the condonation in April, 1921, of said offense of desertion was conditional by law, whereby the defendant was required to treat the petitioner with conjugal kindness and not commit any matrimonial offense cognizable before this court; that in the month of February, 1922, when defendant again deserted petitioner, the aforesaid cause of action existing in favor of the petitioner against the defendant for divorce on the ground of desertion and condoned as aforesaid, was thereupon revived, and by virtue thereof, and the defendant's failure and refusal at any time thereafter to request or desire the petitioner to cohabit or again reside with him, the defendant has willfully, continuedly and obstinately deserted the petitioner for more than two years. Here follows allegations of the residence of petitioner and defendant and birth of children. The prayer is for divorce and further relief. The defendant has not answered, and petitioner moves for an order of reference to a special master to take proofs *ex parte*.

From the above allegations it appears that the first desertion of defendant lasted for a period of about two years and eleven months. There was then a reunition and cohabitation of the parties from April, 1921, to February, 1922, when defendant again deserted. The petition herein was filed June 14th, 1923, which makes a period of a year and four months covered by the second desertion, which, by the way, is not alleged to have been continuous, unless that is to be spelled out of the last allegation that the first desertion was revived and that the defendant has willfully, continuedly and obstinately deserted the petitioner for more than two years. In

the view I take of this case it is not necessary to decide whether the last-mentioned allegation is sufficient, because no order of reference can be made for the reason that there has not been two years of desertion prior to the filing of the petition within the meaning of the statute; and the petitioner therefore does not state a cause of action.

The Divorce act (*P. L. 1907 p. 484*) provides in section 2, subdivision 2, that divorce from the bonds of matrimony may be decreed for willful, continued and obstinate desertion for a term of two years. It therefore becomes necessary to ascertain the time during which this period must run in order to entitle a petitioner to relief.

In *Orens* v. *Orens, 88 N. J. Eq. 29,* it was decided that in causes for divorce for desertion there are two periods of two years each during which the desertion must have been willful, continued and obstinate; the first, that immediately succeeding the desertion, at the expiration of which the cause of action arises and accrues, and which vests jurisdiction in the court to entertain the suit; and the second, that immediately prior to the filing of the petition, which vests jurisdiction in the court to decree a divorce. These periods may run concurrently and overlap each other in whole or in part; but, if they do not, legal proof must, nevertheless, be made of the desertion for the whole period between its commencement and the filing of the petition, including the interval between the two periods mentioned, because, if there were a reconciliation and resumption of cohabitation by the parties during such interval, it would operate to destroy the cause of action alleged to have accrued, and necessitate another and different suit, one counting upon a cause of action accruing after the reunion had been terminated by another and subsequent desertion. And the court of errors and appeals in *Myles* v. *Myles, 77 N. J. Eq. 265,* held that the two years contemplated by the statute are those immediately preceding the filing of the petition; that if the petition left a hiatus between such period and the date of filing the petition, such hiatus might represent a complete reconciliation and reunion of the parties that would entirely destroy any right to

divorce arising out of a previous desertion. In *Gordon* v. *Gordon, 89 N. J. Eq. 535,* the court of errors and appeals, in explaining *Myles* v. *Myles, supra,* held that when the two-year period fixed by the statute has once elapsed, the desertion becomes permanently established; the benefit given by the statute to the spouse offended against has become vested, and he or she can never thereafter be deprived of that benefit —of his or her right to a divorce—except by his or her own act. Now, the act which would destroy the vested right of action, would be reunition and resumption of cohabitation— the very thing mentioned in the *Myles Case.* On the question of the time of desertion, see, also, *Getz* v. *Getz, 81 N. J. Eq. 465,* and *Gordon* v. *Gordon, supra.*

In *Byrne* v. *Byrne, 93 N. J. Eq. 5,* I had before me the question as to whether or not a suit for divorce between spouses was pending *bona fide* after condonation evidenced by reunition and cohabitation. I held that after such condonation the pending suit was destroyed through it. Applying the doctrine of *Myles* v. *Myles, Gordon* v. *Gordon* and *Bryne* v. *Bryne, supra,* to the facts of this case, the cause of action accruing to the petitioner from the desertion from 1918 to 1921, was destroyed by the condonation set up in the petition itself, which also shows that the subsequent desertion has not existed for the required two years before the filing of the petition herein.

There was a time when the legislature permitted the tacking together of two periods of desertion, one before defendant's imprisonment and the other after his discharge, so as to afford ground for divorce. But that act has been repealed, and section 31 of our present act provides that willful and obstinate desertion shall be regarded and held to be continued, notwithstanding that after such desertion is begun the deserting party shall be imprisoned. *Casnyi* v. *Casnyi, 93 N. J. Eq. 11, 16.* But the legislature has never yet provided that the time during which a desertion does not in fact continue by reason of reunition and cohabitation, shall be counted as such period, because of revival of the offense by a subsequent desertion.

I am aware of the doctrine that condonation is upon condition, implied if not expressed, that the offense shall not be repeated, and that continuously thereafter the party forgiven shall treat the other with conjugal kindness, and that a breach of the condition revives the original right of divorce. *2 Bish. Mar., D. & S. 308.* See, also, *Bravo* v. *Bravo, 93 N. J. Eq. 56; Kirschbaum* v. *Kirschbaum, 94 N. J. Eq. 87.* Mr. Bishop also says that the statutes in most of our states mention the defense of condonation, but generally in a way nowise modifying the unwritten law. *Ibid.* § *333.* Now, our Divorce act does not mention condonation, and it is plain that the statutory provision that desertion must be willful, continued and obstinate for two years to entitle the injured spouse to a divorce for that cause, coupled with our decisions to the effect that the two years must be those immediately preceding the filing of the petition, necessarily modifies the unwritten law of condonation so far forth as to prevent a prior desertion, terminated by condonation, from being revived by, and tacked upon, a subsequent desertion to afford a sufficient length of time for the granting of a divorce. Our Divorce act overrides the provision of the unwritten law of condonation in desertion cases and prevents the tacking together of two periods, one before and one after condonation, to make the two years of willful, continued and obstinate desertion necessary to entitle the deserted party to a divorce, and requires that that period shall immediately precede the commencement of the action, notwithstanding the doctrine that a subsequent offense revives former ones which have been condoned.

As the petition in this case does not state a cause for action, the application for an order of reference to a master will be denied, and the petition must be dismissed; but the dismissal may be without prejudice.