HARRY ASHENDORF, PLAINTIFF-RESPONDENT, v. DELA-
WARE, LACKAWANNA AND WESTERN RAILROAD
COMPANY, DEFENDANT-APPELLANT.

Submitted January 30, 1933—Decided June 29, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD
and CASE.

For the appellant, *Frederic B. Scott.*

For the respondent, *Harry R. Rinsky (James M. Reilly,*
of counsel).

PER CURIAM.

This is defendant's appeal from a judgment for the plain-
tiff entered by the District Court judge in an action brought
by the plaintiff, who was injured while on a ferry boat of the
defendant operating between Hoboken and New York City.

It appears that the plaintiff entered the ferry boat in an
automobile which he parked in one of the runways of the
boat. While the automobile was so parked, under the neces-
sity of finding a toilet, plaintiff left the automobile and went
to the forward part of the boat, thirty or forty feet from
the car. When the boat approached the New York slip, he

started to return to his car and fell down an open coal hole and was injured.

The case was tried before a·jury and decision was reserved by the judge, and later decided in an opinion in writing. The record was silent as to any consent to a dismissal of the jury. The plaintiff alleged a diminution of the record and obtained an order for the trial judge to certify, and the judge certified the fact to be this: "At the close of the testimony for both plaintiff and defendant, their respective attorneys consented to the dismissal of the jury, and the jury was thereupon dismissed by me." That proceeding was in accordance with the practice. *Pamph. L.* 1902, *p.* 566.

Upon that certificate coming in from the trial judge, the defendant obtained an order for the purpose of taking depositions to contradict the certificate of the trial judge in that respect. But those depositions are not properly before the court. "On rule [to certify] his [the trial judge's] return will be conclusive, and cannot be contradicted by affidavits." *Benedict* v. *Howell,* 39 *N. J. L.* 221, 225. The reason for the rule was stated by Mr. Justice Lloyd in *Grossman* v. *Brick,* 5 *N. J. Mis. R.* 1016; 139 *Atl. Rep.* 490, to be "that such a practice would result in amending the record without giving the judge upon whose certificate the record is verified an opportunity to be heard, and would be wholly subversive of the administration of justice."

We come then to the record as certified by the trial judge.

The defense was based upon the theory that the law of the State of New York controlled, and that under the laws of New York the plaintiff was guilty of contributory negligence which defeated plaintiff's recovery.

In pursuance of such theory the defendant called a witness to prove the New York law. That witness testified to this and only this (we quote his testimony exactly):

"Section 872 of the Penal Law, Motor Vehicles and Ferry Boats, is, that a chauffeur or operator in charge of a motor vehicle who leaves it unattended at any time when being carried on any ferry boat operating in New York State or between this state or another state of from two to five hundred thousand inhabitants or over, is guilty of a misdemeanor.

Within the meaning of this section a motor vehicle left unattended, unless such chauffeur or operator in charge is on or immediately near such motor vehicle and at a place which affords free and immediate access of the operating, guiding and braking appliances."

We think that at best for the defendant the question whether or not the plaintiff was guilty of contributory negligence was a jury question.

It will be observed that the statute as proved provided that the "operator in charge of a motor vehicle who leaves it *unattended* is guilty of a misdemeanor." We think it was open to the judge, sitting without a jury, to conclude that the mere fact that the plaintiff left the automobile *unattended* did not contribute to nor was it the proximate cause of the accident. *Muller* v. *West Jersey and Seashore Railroad,* 99 *N. J. L.* 186; 122 *Atl. Rep.* 695; *Wiley* v. *West Jersey Railroad,* 44 *N. J. L.* 247; *Powers* v. *Standard Oil Co.,* 98 *Id.* 730; 119 *Atl. Rep.* 473.

The judgment will be affirmed, with costs.