## Hurley's Estate.

Argued September 26, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

54

*Robert W. Semenow,* for appellants.

*Higbee, Matthews & Lewellyn,* for appellees, were not heard.

Per Curiam, November 27, 1933:

These three appeals raise the same questions, were argued together, and will be disposed of in one opinion. Appellants complain of the action of the court below in dismissing their petition for removal of the executors of the estate of Michael Hurley, deceased. Petitioners allege the executors have been guilty of mismanagement and incompetence, with resulting financial loss to the estate.

Michael Hurley died testate December 13, 1914. In addition to leaving his widow a stated monthly income for life, by the terms of his will he directed his executors to pay one hundred dollars per month to each of his children, Nan Irwin, Bridget Doyle, Nell Coll and Pearl Hellen, and provided that upon the death of any daughter, her surviving husband should receive the same allowance, so long as he remained unmarried. He named John Irwin, James M. Doyle, H. J. Coll and E. R. Floto as executors, but by a codicil his wife was substituted as executrix in place of H. J. Coll. Irwin and Doyle are the only executors who have taken an active part in the management of the estate. The income is entirely derived from real estate in Fayette County, consisting of both residential and business properties.

Of the ten assignments of error, nine relate to rulings on the admission of evidence. They are not referred to in the statement of questions involved nor are they argued in appellants' brief and consequently will be considered as abandoned. The tenth assignment is to the final decree refusing to remove the executors. An examination of the record indicates no ground for sustaining that assignment, as all matters complained of are trivial in nature and insufficient to warrant the action prayed for. The testimony discloses nothing more substantial than personal antagonism between the beneficiaries and the executors. "It is the duty of the court to refuse to remove a trustee at the mere whim or caprice of the beneficiary. There should be a substantial reason appearing to the court before it removes the trustees, who enjoyed the confidence of the person who created the trust and who, by reason of his fitness for executing it, was empowered to act as trustee": Neafie's Estate, 199 Pa. 307, 312. See also Price's Estate, 209 Pa. 210. In Kaier's Estate, 264 Pa. 296, quoting SHARSWOOD, J., in Parson's Estate, 82 Pa. 465, we said: "It is a much more stringent and summary process to remove an executor, and it must clearly appear from the evidence that a case was made out under it, and that the discretion of the court was properly exercised. It must clearly appear that the executor is wasting or mismanaging the property or estate under his charge, or that for any reason the interests of the estate or property are likely to be jeopardized by the continuance of such an executor."

After fully considering the testimony and the comprehensive opinion of the learned court below, we are satisfied the conclusion reached was entirely warranted and that the decree should not be disturbed.

The decree of the court below is affirmed at appellants' cost.