I. MULFORD SMITH, RECEIVER. PLAINTIFF-APPELLEE, v.
PHILIP WENDKOS, DEFENDANT-APPELLANT.

Submitted October 13, 1933—Decided February 7, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellee, *Grover C. Richman.*

For the appellant, *Philip Wendkos, pro se.*

The opinion of the court was delivered by

PERSKIE, J.   The plaintiff, I. Mulford Smith, was appointed receiver in equity of the premises Nos. 525 and 527 Market street, Camden, New Jersey, on June 13th, 1932, with power to take charge of the premises, to manage same, sue and collect rents, &c.   In that capacity he brought suit against the defendant, who occupied a portion of the aforesaid premises, for the rent alleged to be due for the months of July, August and September, 1932, at the monthly rental of $100.

A motion to amend the complaint to include the October, 1932, rent was made and allowed. Appellant filed a counterclaim stating, in substance, that he never undertook to pay the rent in the sum of $100 per month; that the Bala Realty Company owed him certain commission for rent collections and moneys advanced by him for the Bala Realty Company, the owner of the premises, by virtue of an agreement between that company and himself under the terms of which he should be paid for certain improvements, alterations and upkeep of the premises in question and to reimburse himself out of the rents collected by him for the Bala Realty Company.

In the finding of facts by the court (the parties being unable to agree) the authority of the receiver appears; and it was further set forth that the rent due on July 1st, 1932, was paid by appellant. The appellant, however, explains this payment by stating that although he did hand the receiver six checks totaling $70 for the rent due July 1st, 1932, that these checks represented the rents collected by him from the other persons using or leasing the offices on the second floor of the building for which the rent was due. This same state of facts further discloses that a motion to strike the counterclaim was made and allowed and that a motion to dismiss the suit because authority of receiver was not shown, was denied. No objection or exception to either of the aforesaid rulings by the court is made to appear before us. Appellant, apparently, recognizing the fatality of such omission procured an order of Mr. Justice Lloyd that the trial judge appear before a Supreme Court commissioner, who was to take depositions concerning the testimony and the conduct of the trial by the respective attorneys. Appellant in this proceeding testified that he did make objection to the court's rulings and that the court allowed an exception to the ruling made thereon. The trial judge did not recall the actual happenings and the attorney for the receiver likewise did not recall any such motion as testified to by appellant. It is firmly established that section 28 of our Practice act of 1912, cannot be used to controvert finding of facts by a trial judge. It is not as though it were some matter capable of proof by additional and incon-

trovertible evidence. *Vailsburg Amusement Co.* v. *Criterion Investment Co.,* 108 *N. J. L.* 442; *Grossman* v. *Brick,* 5 *N. J. Mis. R.* 1016. The procedure upon an allegation of diminution of the record or failure to truly return any fact or facts by any District Court judge is to obtain an order from a justice of the Supreme Court ruling the judge of the District Court to certify as to any fact or alleged facts claimed to be material and not found in the case as agreed or settled and set up. See sections 213e, District Court act. 2 *Comp. Stat.* 1709-1910, *p.* 2017. It is clear that the order made by Mr. Justice Lloyd, in the instance, was neither intended tô nor does it in fact, come within the section of the District Court act last cited. There is not a single word in it which by the widest stretch of imagination can be construed as ruling the District Court judge to make a certification.

Under the circumstances we are bound by the record as submitted by the trial judge. That record, as already indicated, is barren of any objection or exception to the court's rulings.

In the case of *Williams* v. *Connolly Contracting Co.,* 74 *N. J. L.* 105, Mr. Justice Pitney (at *p.* 108), held:

"In order that alleged error of law may be reviewed, there must be something in the state of case to show that the question was raised in the trial court. *O'Donnell* v. *Weiler,* 43 *Vr.* 142, 145; *Hanson* v. *Pennsylvania Railroad Co., Ibid.* 407."

See, also, *Kargman* v. *Carlo,* 85 *N. J. L.* 632, 635; *Pratt* v. *Union National Bank,* 79 *Id.* 117; *affirmed,* 81 *Id.* 588; *Leferant* v. *Progressive Agency,* 98 *Id.* 526; *State* v. *King,* 106 *Id.* 338; *Kapner* v. *Gollender,* 2 *N. J. Mis. R.* 792; *Leconey* v. *Koch,* 3 *Id.* 761; *Schwartz* v. *Eisner,* 111 *N. J. L.* 132 (affirmed, October term, 1933, by our Court of Errors and Appeals, No. 93).

In the amended claim the plaintiff sued for the sum of $300, being three months rent, less the sum of $70 paid by the defendant, leaving a balance of $230. The trial court gave judgment for the plaintiff in the sum of $210 damages and $14.10 costs. In the case of *Baker* v. *Fogg & Hires Co.,*

95 *N. J. L.* 230, the Court of Errors and Appeals (at *pp.* 231, 232), held:

"By force of section 27 of the Practice act of 1912, a judgment will not be reversed for error as to matter of pleading or procedure unless on the whole case it shall appear that the error injuriously affected the substantial rights of the appellant; hence, if such rights are not so affected, the alleged errors need not be examined. *Ridgely* v. *Walker,* 86 *N. J. L.* 590."

Surely a judgment rendered for less than the amount sued for does not injuriously affect the substantial rights of the appellant.

Finally there is no specifications of any error upon which the judgment below can be reversed. See *Miller* v. *Newark Hardware Co.* (*Supreme Court*), 112 *N. J. L.* 300.

Judgment is affirmed, with costs.