CONTINENTAL ADJUSTMENT CORPORATION, PROSECU-
TOR, v. MATHEW F. MELKO, JUDGE OF THE DISTRICT
COURT OF THE CITY OF PERTH AMBOY, AND EDYTHE
M. KLAUSE, RESPONDENTS.

Heard July 3, 1937—Decided July 22, 1937.

Before Justice CASE sitting alone pursuant to the statute.

For the prosecutor, *Sol Kantor*.

For the respondents, *Lewis S. Jacobson*.

CASE, J. The prosecutor sued the respondent Klause in the District Court of the city of Perth Amboy and filed its complaint to which the defendant therein filed her specification of defenses and a counter-claim. The matter seems to have been disposed of by the judge of the District Court sitting without a jury and on an agreed state of facts.

Prosecutor alleges that a judgment was entered in its favor and against the defendant on June 18th, 1934, and that more than thirty days thereafter, namely, on August 31st, 1934, the District Court judge, without notice to the prosecutor, reversed that determination and entered judgment for the defendant on the latter's counter-claim. Prosecutor seeks to set aside that alleged alteration in the judgment. Its case rests upon the basic proposition that a judgment was rendered in its behalf.

The docket is the court's record. District Court act, *Pamph. L.* 1898, *ch.* 228, § 25; 2 *Comp. Stat., p.* 1961. In the transcript certified by the trial judge there appear these items: "Judge's opinion filed August 31st, 1934," and "April 9th, 1937, Judgment was entered for defendant." The docket shows no entry of judgment for prosecutor. The return contains that which, by its title, is a "copy of envelope," on which appear the words "Judgment for Plaintiff $500." What relationship the envelope bears to the case does not appear. Perhaps it is a jacket used by the clerk of the District Court for purposes of filing and convenient notation; but it is not shown to be an official record. By piecing together what appears to be an exhibit and an affidavit used by the prosecutor in an earlier step in the cause but no longer of any force, we may gather that the clerk of the District Court sent a postcard to prosecutor's attorney under date of June 18th, 1934, stating that judgment would be entered for prosecutor for $500 upon evidence of payment of costs in another cause and in another court. This, too, lacks the authority of a record.

If the docket entries did not correctly show the court record, it was for the prosecutor to obtain an order from a Supreme Court justice ruling the District Court judge to certify as to any fact or facts claimed to be material and not found in the state of case. *Ashendorf* v. *Delaware, Lackawanna and Western Railroad Co.,* 11 *N. J. Mis. R.* 487; 167 *Atl. Rep.* 27; *Smith* v. *Wendkos,* 112 *N. J. L.* 391; 170 *Atl. Rep.* 858. Upon the record as it comes to me I must conclude that the prosecutor has not made a case.

The writ will be dismissed, with costs.