## Pearson Estate (No. 2)

*James H. Stewart, Jr.,* of *Nauman, Smith, Shissler & Hall,* and *William H. Wood,* of *Keefer, Thomas & Wood,* for petitioners.

SWOPE, P. J., June 30, 1972.—We have before us cross petitions requesting the appointment of trustees to administer the trust provided for in the will of Robert Pearson, deceased.

Robert Pearson died a resident of Dauphin County on July 27, 1967, leaving a holographic will dated January 7, 1958, which was admitted to probate on August 15, 1967. Letters of administration c.t.a. were granted to Dauphin Deposit Trust Company. The administrator c.t.a. thereafter duly filed its first and partial account together with its proposed schedule of distribution to which exceptions were filed by certain beneficiaries under the will. The legal questions raised thereby have been resolved either by adjudication of this court, or by the decision of the Supreme Court of Pennsylvania on appeal and to which reference will hereinafter be made. Further,

the following facts have been stipulated by the parties:

The administrator c.t.a. did not file an appeal from the determination of this court in the aforementioned matters, nor did it participate in oral argument in the appeal therefrom before the Supreme Court. The estate of Robert Pearson was not asked to, nor did it, pay any attorneys' fees for legal work involved in the appeal to the Supreme Court nor for the cost of printing the brief presented therein with leave of court by Dauphin Deposit Trust Company. The second and final account of the administrator c.t.a. has been filed, audited and confirmed by this court without objection. Distribution of the accumulated income has been made by the administrator c.t.a. as ordered. The distribution of principal to trustees has been withheld, however, pending the resolution of the questions raised in the two petitions with which we are herein concerned.

The petition of Clara Leonard, a sister of decedent, requests that she and the Dauphin Deposit Trust Company be appointed trustees of the trust in question. The second petition as filed by C. H. Pearson, a brother of decedent, requests that the Commonwealth National Bank of Harrisburg and Roger Pearson, one of decedent's nephews, be appointed trustees of said trust.

The provisions of the will which are pertinent to the present dispute read as follows:

"[3] It is the further instruction that the proceeds of my estate be placed in a Trust Fund, under the management of a reliable Agency or Banking Firm, and administered throughout the life and period of the Estate, as long as there are living legal heirs. The heirs or beneficiary to share the income from the Trust Fund."

"[5] One administrator or administratrix shall be designated by the group of heirs, to represent the heirs, and serve jointly with the administrator of the Trust Fund. The first administratrix shall be Mrs. Richard C. Leonard (Clara Theresa Pearson)."

The questions to be determined by the court in its disposition of these petitions as agreed upon by all counsel of record can be stated thus:

1. Should the court in the exercise of its discretion appoint as trustee Dauphin Deposit Trust Company, which trust company is familiar with the estate and its beneficiaries, or should it appoint Commonwealth National Bank or some other institution as trustee?

2. Does paragraph 5 of decedent's will appoint Clara Leonard to be the initial individual trustee to serve along with a corporate trustee in administering the trust provided for in that will?

3. If paragraph 5 of decedent's will appoints Clara Leonard as such initial trustee, may her ability to act as such be questioned prior to her qualification as trustee by any showing of lack of specific business and commercial knowledge and experience on her part?

We turn our attention first to the question of whether paragraph 5 of decedent's will, set forth above, appoints Clara Leonard as the initial individual trustee. If so, weight will be given to her request that Dauphin Deposit Trust Company serve with her in that capacity.

At the outset, we observe the established rule that in the interpretation of a will, the intent of testator is paramount. Further, as stated in Houston Estate, 414 Pa. 579 (1964), quoting on page 586 from Lewis Estate, 407 Pa. 518 (1962), the intent of testator must be gathered from a consideration of: (a) All the language contained in the four corners of his will; (b)

his scheme of distribution and (c) the circumstances surrounding him at the time he made his will and (d) the existing facts. Finally, as has been stated in numerous cases, technical rules or the canons of construction are resorted to only if the language of the will is ambiguous or conflicting or testator's intent is uncertain.

Despite our earlier dictum in this case which would seem inconsistent herewith, it is presently apparent to us, after considering the four corners of decedent's will, that it was his intention to appoint Clara Leonard as a cotrustee of the trust established therein. Throughout this albeit inartfully drawn document the words "administered" and "administrator" are consistently linked to the trust or the disposition of its income and principal. Nor does the apparent inconsistency in paragraph 5 give us cause to believe that testator meant anything other then that Clara Leonard was to be an initial cotrustee. Rather, the first sentence of that paragraph supports the suggestion that testator considered a cotrustee one who was an "administrator or administratrix" of a trust. In light of this conclusion, testator's wish that Clara Leonard serve as "first administratrix" will be interpreted to require her appointment as the initial individual cotrustee.

Of further assistance in the interpretation of paragraph 5 is a consideration of the first sentence in paragraph 6 providing that "The heirs, by unanimous agreement, shall have the power to change the administration of the Trust Fund, . . ." This provision, permitting a change in the administration of the trust, is particularly pertinent following a paragraph in which Clara Leonard had been appointed "first administratrix."

We, therefore, conclude that the intent of testator

was that Clara Leonard was to serve as the first individual cotrustee of the trust established in the will and that, thereafter, the individual cotrustee would be chosen by the heirs, and that in any event, and at all times, the heirs would have the power to change the administration of the trust fund by unanimous agreement.

Though this interpretation necessarily involves a transposition of the two sentences in paragraph 5 in order to obtain consistency, it will be remembered that the Supreme Court, in construing another portion of this will, recognized that the ideas of testator are not always expressed in proper sequence: Pearson Estate, 442 Pa. 172, 183 (1971). The court noted there that "it is our belief that testator's intent becomes most evident by the simple expedient of transposing a sentence. This principle of construction was most recently recognized in Farrington Will, 422 Pa. 164, 167, 220 A. 2d, 790, 792 (1966): 'This is not a case in which the transposition of a sentence or the addition of punctuation in any way supplies an intent on the part of decedent not otherwise apparent. (citation omitted.) The court below merely employed the technique, long utilized by the courts of this Commonwealth when faced with a document which clearly albeit ungrammatically, expresses the intent of a testator, of transposing a sentence in order to effectuate the testamentary purpose. [citations omitted.] It is not rules of grammar which are significant, but rather the intent of the testator, and the order of words is immaterial if a different arrangement will best express that intent.' "

We turn now to the question of whether or not the ability of Clara Leonard to act as an initial cotrustee may properly be questioned at this stage of the proceedings by a showing of lack of specific business

or commercial knowledge or experience on her part. We think not.

In Beichner Estate, 432 Pa. 150, 155 (1968), citing Matheus' Estate, 322 Pa. 358, 185 Atl. 768 (1936), the court said:

" 'A testator has, as a property right, the privilege and power to place the management of his estate in a selected person as a condition of his bounty.' (page 359) [citations omitted] . . . In this connection, it is well to note that the status of a testamentary executor or trustee is not the same as that of a trustee or administrator appointed by the court. [citations omitted] A testamentary executor or trustee is one whose choice was made by the person whose estate was to be administered and managed and represents an expression of trust and confidence in the person or persons so selected; an administrator appointed by the Register of Wills represents not the choice of the decedent nor are the person or persons appointed those in whom, necessarily, the decedent placed trust and confidence."

Thus, removal of a testamentary executor or trustee has been held "a drastic action which should be undertaken only when the estate within the control of such personal representative is endangered." See Beichner Estate, supra, at page 156.

In the instant case, no particular actions of Mrs. Leonard with regard to the specific trust in question are pointed to as indicative of her unfitness to serve as cotrustee for the obvious reason that she has not heretofore been privileged to serve in any wise in that capacity. Rather, petitioner, C. H. Pearson, seeks the appointment of one other than her on the simple assertion that Mrs. Leonard lacks familiarity with the investment of securities and

that she has displayed a bias against various of the beneficiaries of the trust.

In light of all of the circumstances in the instant case, we conclude that neither of the reasons advanced by petitioner, C. H. Pearson, would justify at this time substitution of any person for the first individual cotrustee chosen by testator, i. e., Clara Leonard. There has been no showing of an immediate threat to the estate in question due to any lack of business experience on her part. Moreover, we find such apprehension as to Mrs. Leonard's qualifications even less well founded in light of the fact that testator saw fit to provide that a "reliable Agency or Banking Firm" share with her the responsibility of the administration of the trust. Further, there is nothing in the record to support the claim of bias on the part of Mrs. Leonard against any of the beneficiaries herein, nor may such be inferred from the mere fact that she has chosen to assert her legal rights. Accordingly, an attack upon the qualifications of Clara Leonard to serve as cotrustee, for the reasons stated by C. H. Pearson in his petition, will be disallowed at this time.

Lastly, we turn our attention to the question of whether the court should appoint the Dauphin Deposit Trust Company or the Commonwealth National Bank, or some other institution, as the corporate cotrustee provided for in the will.

Section 901 of the Fiduciaries Act of April 18, 1949, P.L. 512, 20 PS §320.901, vests broad discretion in the court to appoint trustees where none have been named by the settlor in testamentary trusts. The discretion applies to initial vacancies as well as those occurring during administration: 39 P.L.E. Trusts, §165. The Dauphin Deposit Trust Company has served as administrator c.t.a. of the instant estate. We note

further the request of the testamentary cotrustee, Clara Leonard, that the Dauphin Deposit Trust Company be appointed as corporate cotrustee of the trust created in decedent's will.

We are not convinced, as suggested in the petition of C. H. Pearson, that the Dauphin Deposit Trust Company has breached its fiduciary duty of impartiality by filing in the Supreme Court a brief in support of some beneficiaries against others, in a prior appeal involving this estate. Petitioner, in support of his contention, cites a footnote in Pearson Estate, supra, at page 178, in which the Supreme Court noted that were standing in the appeal to be granted to the administrator, "the possibilities for breach of its fiduciary duties are countless." The record herein, however, since no such standing was granted, reveals no breach of that duty in fact. As noted by counsel for Clara Leonard, the role played by the Dauphin Deposit Trust Company in the prior appeal to the Supreme Court was in asserting its position amicus curiae as to the distribution of assets then under its control. We do not view those actions of the Dauphin Deposit Trust Company as in any way destructive of its capacity to act as a trustee of the assets of Robert Pearson's estate.

The problem is analogous to that in Slingluff's Estate, 14 D. & C. 465 (1930), a case involving the appointment of a substitute trustee. There, it was noted that in selecting a trustee the court must be concerned that the trustee be competent to administer the trust, not unfriendly to the life tenant, faithful to its duty to preserve the trust res and not one whom any party in interest not unreasonably views with doubt and suspicion. Just as was the court in that case, we are here also satisfied that either of the proposed appointees would, with equal fidelity,

protect and conserve the rights of the life tenants and of the remaindermen. Further, as was the court in that case, we are, therefore, "reduced to the situation of determining in (our) discretion which of the two proposed appointees would most conveniently administer the trust in view of their respective relation to the parties. . . . Aside from this statutory requirement, we are of the opinion that if the appointee which the continuing trustee prefers were appointed, other considerations being equal, it would tend toward a more harmonious cooperation between the two trustees in their administration which would inure to the benefit of all the interested parties. The continuing trustee's preference . . . will be appointed." Being of the opinion that harmony between the trustees will best serve the needs of the trust, we will appoint the Dauphin Deposit Trust Company to serve as cotrustee.

Accordingly, we make the following

### ORDER

And now, June 30, 1972, the within petition of Clara Leonard is granted and the petition of C. H. Pearson is hereby denied.