## Nesbitt, Appellant, *v.* Manufacturers' Casualty Insurance Co.

Argued October 6, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Harvey A. Miller,* of *Miller & Nesbitt,* for appellant, cited, as an authority for proceeding under the Declaratory Judgment Act, Malley v. Indemnity Co., 297 Pa. 216.

*Harold E. McCamey,* with him *Charles A. Woods, Jr.,* and *Dickie, Robinson & McCamey,* for appellee.

OPINION BY MR. JUSTICE MAXEY, January 23, 1933:

This case was instituted under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840. It involves the construction of an indemnity insurance policy issued by the defendant. A petition was filed by A. G. Nesbitt, as assignee for Thomas Melia, against the defendant. The assignment to Nesbitt resulted from Thomas Melia's application for relief under the insolvent laws from the judgments totalling $3,000 recovered against him on account of injuries received by Mrs. J. W. Ferguson when a car owned by M. J. Melia but driven by his brother, Thomas Melia, collided with the car owned and operated by Mrs. Ferguson's husband.

A rule was granted against defendant to show cause why judgment as prayed for should not be entered. The court, after due proceedings, first entered judgment in favor of the plaintiff in the sum of $3,000 with interest and costs in satisfaction of the judgment against Thomas Melia previously recovered by Ferguson and wife. The court later set aside the judgment and allowed defendant fifteen days in which to file an answer in relation to the matter set up in the petition. The court then discharged the rule for a declaratory judgment.

The following facts are undisputed: (1) That the defendant company issued a policy of insurance indemnifying M. J. Melia "against loss from liability imposed by law upon the assured for damages on account of bodily injuries accidentally sustained by any person or persons [not excepted] by reason of the ownership, maintenance or use of any of the automobiles [specified]" and also

similarly indemnifying "any person or persons while riding in or legally operating any of the automobiles [specified]......provided such use or operation is with the permission of the named assured."

(2) That Thomas Melia, a duly licensed driver, received possession of the car from M. J. Melia (a brother) for the purpose of taking the latter's family to a store, and with instructions to return to the store for them an hour later, and that after taking the family to the store and before returning thereto he drove several miles with friends of his own and while doing so, he, with the car specified, collided with the car owned and operated by J. W. Ferguson and as a result Mrs. Ferguson was injured.

(3) That Ferguson and his wife in an action against Thomas Melia secured verdicts and judgments against him as follows: in favor of J. W. Ferguson, $1,725; in favor of Sarah Ferguson, $1,275.

(4) That the attorneys for the insurance company took charge in behalf of Thomas Melia of the suit of J. W. Ferguson and wife against him.

(5) That before doing so Thomas Melia and the insurance company entered into a reservation of rights agreement in which a "Whereas" clause stated that at the time of the accident Thomas Melia was operating the car "without the consent or permission of the owner, M. J. Melia, the owner having given the said Thomas Melia specific instructions to take the car to a certain place in the downtown section of Pittsburgh, whereas in fact the said Thomas Melia took the car to McKeesport on business purely personal to himself and not in any manner relative to that of his brother, M. J. Melia, said business being without any consent or permission of said M. J. Melia." This agreement further avers that "the insurance policy above mentioned does not protect the said Thomas Melia when he is driving the car without the consent or permission of said M. J. Melia." The agreement declares that Thomas Melia has requested the com-

pany to continue with its attorneys in defense of the case, "said continuing to be strictly understood not to be interpreted as any waiver of any defense under the policy" and "the company shall not in any event be liable to said Thomas Melia or to anyone claiming through him, to pay any judgment which may be rendered against said Thomas Melia," and both parties agreed that "any act or statement of any representative of the company shall not be considered as an assumption of liability nor as any waiver of company's right under the policy or to operate as an estoppel against the company's assertion of any such rights in any litigation which may be brought by any one against the company to recover under said policy for loss or expenses arising out of said accident."

Thomas Melia also wrote a letter to the attorneys for the defendant, before the trial, in which he said that he realized that he was driving the car of his brother at the time of the accident without his brother's consent or permission and "that therefore there is no insurance policy which protects me in any way in so far as these suits are concerned. ...... I am execution proof and have nothing with which to pay a judgment......I believe it is wise to admit negligence in the trial of these cases against me and allow the jury to render such verdict as is justified under the law and the evidence. I therefore authorize you as attorneys representing me to admit negligence."

(6) After judgment was returned against Thomas Melia, writs of fieri facias and capias ad satisfaciendum were issued against him placing him under arrest, and as a result he made application for relief under the insolvent laws of the State of Pennsylvania. A. G. Nesbitt was appointed as his assignee for the benefit of the creditors. In this insolvent proceeding Thomas Melia assigned all of his rights to the said A. G. Nesbitt as assignee against the Manufacturers' Casualty Insurance Company, the defendant herein.

Nesbitt then instituted the present proceeding under the Uniform Declaratory Judgment Act to obtain a construction of the policy, and a satisfaction of the judgments aggregating $3,000 against Thomas Melia.

To the petition filed by plaintiff, the defendant insurance company filed an answer raising a question of law, setting forth, inter alia, in paragraph (5) that "questions of fact are to be determined, the litigation would therefore not be expedited [by proceedings for declaratory judgment] and the usual remedy at law should be pursued."

The court below filed an opinion saying, inter alia: "A petition for declaratory judgment is the proper procedure for a determination of the case at bar. ...... The defendant......alleges that there are questions of fact to be determined in the present proceeding. Counsel for the defendant, however, did not intimate either in his oral argument or his printed brief what questions of fact he expects to raise and we are unable to see what defense could be offered on the facts." The court ordered judgment to be entered in favor of the petitioner and against the defendant insurance company in the sum of $3,000. Two days later the court filed another opinion in which it set forth that it having been represented to the court by counsel for the defendant that the latter had a nonwaiver agreement with Thomas Melia at the time of undertaking his defense, "we are of the opinion that defendant is entitled to have the effect of this agreement passed upon by the court." The court then made an order vacating the previous order and allowing the defendant fifteen days in which to answer matters set up in plaintiff's petition. In this answer it denied paragraph (4) of the petition filed March 10, 1932, and "specifically denied that the said Thomas Melia by the consent and permission of the said M. J. Melia as aforesaid, and occupying the automobile alone, drove the same out Fifth Avenue in the City of Pittsburg." It averred "that he was driving the car at the

time and place set forth *without the consent or permission* of the said M. J. Melia." It denied that Thomas Melia at the time of the accident "was [as asserted in the petition] operating the automobile under the terms and conditions of the said policy of insurance." It denied "that the said Thomas Melia was a party to the policy in any manner" or "that he was operating the car with any consent or permission" of M. J. Melia "or any adult member of the family." This squarely raised an issue on the fundamental question of fact in this case.

Although the petition and answer filed raised an issue of fact the court did not proceed to try the same, but on June 28, 1932, handed down an opinion in which it discussed the question whether or not the defendant was estopped from disclaiming liability by its undertaking the defense of Thomas Melia in the suit brought against him by Ferguson and wife, and it decided that under the authority of Johnson v. A. Hermann, Jr., et al., 101 Pa. Superior Ct. 198, it was not so estopped. It also said: "By entering into the nonwaiver agreement with the defendant for the purpose of securing a courtesy defense from them, Thomas Melia has waived any rights that he might have under the policy of insurance issued to M. J. Melia. His assignee can have no higher rights than the assignor. We are, therefore, of the opinion that the agreement between Thomas Melia and the Manufacturers' Casualty Insurance Company is a complete defense in this case and the rule for declaratory judgment will be discharged."

We will affirm the judgment of the court below discharging the rule for declaratory judgment, but not for the reasons advanced by that court. The effect of the nonwaiver agreement filed by Thomas Melia, on the rights of J. W. Ferguson and wife against the Manufacturers' Casualty Insurance Company, the question whether or not Thomas Melia was acting within the ambit of his authority at the time of his alleged negligent act, i. e., whether or not he was within the coverage

of the policy, and all other questions raised can be litigated in the established course of legal and equitable procedure, and therefore the Uniform Declaratory Judgments Act cannot be invoked.

In List's Est., 283 Pa. 255, 129 A. 64, this court held that: "The Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, was not intended for, and should not be invoked in cases where the judgment sought can be had as expeditiously in the ordinary course of legal procedure as it can under the statute."

In the Appeal of L. L. Kimmell, 96 Pa. Superior Ct. 488, 490, it was held: "The purpose of passing the Uniform Declaratory Judgments Act, supra, was that 'issues could be speedily determined, which otherwise would be delayed, to the possible injury of those interested if they were compelled to wait the ordinary course of judicial proceedings. No other substantial reason existed for the passage of the statute, and hence where, as here, there was no necessity for resorting to it, it should not have been employed.' "

In Sterrett's Est., 300 Pa. 116, 150 A. 159, we said: "This court has uniformly ruled that relief may not be granted under the Act of June 18, 1923, P. L. 840, where another established remedy is available." See also Cryan's Est., 301 Pa. 386, 152 A. 675.

Judgment affirmed, without prejudice to the rights of J. W. Ferguson and his wife to pursue any legal or equitable remedy they may have against the defendant.