Erie City et al. *v.* Phillips, Admx., Appellant.

558

Argued May 19, 1936.   Before KEPHART, C. J., SCHAF-
FER, MAXEY, LINN, STERN and BARNES, JJ.

*W. Pitt Gifford,* of *Gunnison, Fish, Gifford & Chapin,*
with him *English, Quinn, Leemhuis & Tayntor,* for ap-
pellant.

*Edward M. Murphy,* City Solicitor, with him *Henry
R. Jeffs,* Assistant City Solicitor, for appellee.

OPINION BY MR. JUSTICE BARNES, October 5, 1936:

This proceeding for a declaratory judgment was
brought by a petition filed October 31, 1934, on behalf
of the city of Erie, its Mayor, Council and Controller,
against John J. Phillips, City Treasurer and Collector
of Taxes, to determine the latter's right to certain com-
missions upon collections of delinquent taxes.   It was
averred that Phillips claimed to be entitled to the stat-
utory five per centum commission on all delinquent
taxes for the years 1932 and 1933 collected by him.   The
city declined to pay such commissions on the ground
that Phillips had forfeited his right to such compensa-

tion by his failure to make final settlement of the tax duplicates for the two years in question. To determine the question involved, the city, by its aforesaid officers, sought declaratory relief under the provisions of the Act of June 18, 1923, P. L. 840. While the proceedings were pending but after the term of office for which he was elected had expired, Phillips died, and his widow, as administratrix, was substituted as respondent. The court below entered a judgment declaring Phillips not to be entitled to the commission claimed, whereupon respondent appealed.

At the threshold of the case, the question arises as to the jurisdiction of the court below to render a declaratory judgment under the circumstances here presented. Although both parties joined in asking for such a judgment, the question of its availability must be determined by this Court on appeal. As we pointed out in *Taylor v. Haverford Twp.*, 299 Pa. 402, 406: "the question arises as to the availability of such a remedy under the circumstances here presented. True, this point is not raised by any assignment of error, and is not included in the statement of questions involved printed by either side, but in most of the cases where a question of the availability of the Uniform Declaratory Judgments Act as a remedy has been ruled by us, the point was raised by the court itself and not by the litigants." See also *Leafgreen v. LaBar*, 293 Pa. 263; *Lyman v. Lyman*, 293 Pa. 490; *Pittsburgh's Consolidated City Charter*, 297 Pa. 502; *Reese v. Adamson*, 297 Pa. 13; *Sterrett's Est.*, 300 Pa. 116; *Cryan's Est.*, 301 Pa. 386; *Nesbitt v. Manufacturers' Cas. Ins. Co.*, 310 Pa. 374. We have held that jurisdiction of a petition for declaratory judgment is not to be entertained where a statutory remedy has been provided for the case in hand: *Kariher's Petition*, 284 Pa. 455; *Leafgreen v. LaBar*, supra; *Taylor v. Haverford Twp.*, supra; *Cryan's Est.*, supra. This rule has been strictly adhered to and the remedy afforded by the statute confined within these bounds. It is for this

reason that we said in *Taylor v. Haverford Twp.*, supra, (at p. 406) : "We are determined that the Declaratory Judgments Act, an excellent piece of legislation when kept within proper bounds, shall not be used in cases to which it is not properly applicable."

Turning to the facts of the instant case, the record before us shows that statutory remedies established to meet the situation have not been followed. The City Controller is required to audit the account of the City Treasurer as collector. The latter may retain the disputed commissions, in which event, if the Controller concurs with his view, he may, allowing the claim, settle on that basis. If the Controller disagrees with the Treasurer collector on the amount of commission, the latter may be surcharged to that extent. In either case the city may sue the Treasurer collector for the sum retained, but the first step toward recovery is the action of the City Controller who, in deciding, acts in a quasi judicial capacity, and whose report or settlement in any action against the collector is prima facie evidence and conclusive until overthrown by countervailing proof. It has been held in other situations that an action of assumpsit provides a remedy for the determination of similar questions: see *Jenkins v. Scranton*, 202 Pa. 267; *Marshall v. Uniontown Borough Sch. Dist.*, 262 Pa. 224; *Buckwalter v. Co. of Lancaster*, 12 Pa. Superior Ct. 272. It follows that the court below improperly assumed jurisdiction, and the petition must be dismissed: *Pittsburgh Cons. City Charter*, supra; *Sterrett's Est.*, supra; *Bell Tele. Co. v. Lewis*, 313 Pa. 374. In doing so we make no ruling or express no opinion upon the merits of the case. Plaintiff having prematurely instituted the proceedings must pay the costs: *Lyman v. Lyman*, supra.

The order of the court below is reversed and the proceeding dismissed at the cost of appellee.