# Indemnity Insurance Company of North America v. Kirsch et al.

*Harvey A. Gross,* for petitioner.

*Walter I. Anderson, Spencer R. Liverant* and *Arthur Markowitz,* contra.

SHERWOOD, J., December 28, 1936.—This matter is before the court on petition for a declaratory judgment construing the rights of the parties under a contract of insurance. Kirsch, one of the defendants, is plaintiff in an action of trespass brought against the other defendant, Harry Samuelsohn, arising out of an automobile accident caused by the negligence of Samuelsohn while driving Kirsch's car with Kirsch's permission, and in which Kirsch was riding at the time of the accident. The above named plaintiff, through its attorney, entered its appearance in the court of common pleas on behalf of Samuelsohn, and subsequently brought the present action, contending that this is a proper procedure to determine the status of plaintiff as to its liability in connection with the automobile accident arising from the fact that the plaintiff herein was the insurer of Kirsch on an automobile insurance policy with an omnibus coverage clause. Defendant Kirsch filed an answer averring, inter alia, that no jurisdiction rests in the court in this proceeding. A similar answer was filed by Samuelsohn. The matter was argued before the court in banc.

Plaintiff bases its contention for construction of the insurance policy upon the case of Malley v. American Indemnity Co., 297 Pa. 216, where the court said: "Un-

der the Declaratory Judgments Act of June 18, 1923, P. L. 840, a contract may be construed either before or after there has been a breach thereof." Defendants contend, under Nesbitt v. Manufacturers' Casualty Ins. Co., 310 Pa. 374, and Erie City et al. v. Phillips, Admx., 323 Pa. 557, that plaintiff by entering its appearance has admitted its liability and, therefore, cannot in a collateral proceeding question its own act; and, secondly, that plaintiff's remedy at common law is completely adequate, available and is being pressed. This may be true, but at the argument it was conceded by all parties in interest that the question involved was purely one of law construing an insurance contract, and that ultimately in the common pleas action for damages the same question would arise. The court in banc exercising its discretion assumes jurisdiction of the controversy here at issue between the parties, based on the petition for a declaratory judgment.

These facts are admitted: Kirsch was the owner of the automobile. Samuelsohn drove it at his request and with his consent. Through the alleged negligence of Samuelsohn, Kirsch was injured. The question of law raised by the pleadings is: Does the omnibus clause in Kirsch's insurance policy make the insurance company liable to pay any judgment which Kirsch might secure against Samuelsohn? The omnibus coverage clause in the policy is as follows:

"R. Additional Assured (a) It is hereby understood and agreed, unless limited by endorsement attached hereto, that this policy is extended to cover as additional assured any person or persons while riding in or legally operating any automobile described in the declarations and any person, firm or corporation, legally responsible for the operation thereof (excepting always a public garage, automobile repair shop and/or sales agency and/or service station and agents and employes thereof), provided such use or operation is with the permission of the named assured or, if the named assured is an indi-

vidual, with the permission of an adult member of the assured's household other than a chauffeur or domestic servant. In no event shall the extension of insurance herein provided be considered to cover the purchaser of any automobile described herein if sold, or a transferee or assignee of this policy except by the direct consent of the company in the manner indicated in condition (j) of this policy."

The policy in question is not an operator's indemnity policy: it does not protect the assured in the operation of any automobile. It is a liability and property damage policy covering the operation of a designated automobile by certain designated persons. These persons are (1) the named assured, to wit, Al Kirsch, and (2) the additional assured, anyone driving the car with the consent of either the owner or an adult member of the owner's family, excepting always a public garage, automobile repair shop and/or sales agency and/or service station and agents and employes thereof. Does the language of the policy cover the liability sought to be enforced in this action? The terms of the policy are very broad. It insures any person operating the automobile with the permission of the insured. Samuelsohn was so operating the machine. The policy under such circumstances insures for loss arising out of liability of the person operating the automobile to any person or persons. If the insurer desired to place any limitation upon its liability to cover this situation, it had the opportunity to do so. Having prepared its policy, any doubt or ambiguity, if one exists, must be construed against the company. There can be no doubt that the insurance company is liable to indemnify Samuelsohn against any loss incurred by injury to another in his negligent operation of the automobile. If some third person were hurt due to the operation of this automobile by Samuelsohn, the petitioner would be under a duty to defend any suit brought and pay any judgment recovered. Is this liability under the policy any less effective because

the person injured happens to be the owner of the car? Why should there be any such exception? None is expressed in the policy. It is a known risk and it is settled law that an insurance policy, having been written by the insurer, is to be strictly construed against it.

Petitioner's contention is that so to construe the policy would be to convert it into an accident policy. With this we do not agree. Where the accident occurs when the car is being operated by Samuelsohn, Kirsch is not the insured; it is Samuelsohn, and the fact that the person injured is also the owner of the car would seem to be immaterial. The duty to indemnify the one driving with the consent of the owner remains. In such a situation it is not Kirsch who is protected, but Samuelsohn. Proof of Samuelsohn's negligence gives Kirsch an action against Samuelsohn: A. L. I. Restatement of Agency, sec. 415; unless Kirsch was contributorily negligent, without regard to the question of whether Samuelsohn is protected by the policy or not. Under the facts of the instant case the assured is Samuelsohn, and Samuelsohn alone, and the right to indemnify exists irrespective of who is the party injured, because that is the express purpose and evident intent of the policy. If Kirsch recovers in the action at law and Samuelsohn were to pay, can there be any doubt under the terms of the policy that the insurer is liable to pay Samuelsohn? We think not. See Brower, to use, v. Employers' Liability Assurance Co., Limited, 318 Pa. 440; West v. MacMillan et al., 301 Pa. 344; Randig v. O'Hara et al., 123 Pa. Superior Ct. 251; Farmer v. United States Fidelity & Guaranty Co., 11 Fed. Supp. 542; Howe v. Howe et al. (N. H. 1935), 179 Atl. 362; Bachman v. Independence Indem. Co., 214 Cal. 529, 6 P. (2d) 943; 5 Couch on Insurance, 4182, sec. 1175-C; 1 New Citations under Omnibus Clauses of Insurance Policies, 66, sec. 1175-C, and cumulative supplements; 6 Blashfield's Cyc. of Auto. Law and Practice, 366, sec. 3995.

It follows that petitioner is not entitled to the decree asked for in the petition for declaratory judgment.

And now, to wit, December 28, 1936, it is ordered, adjudged and decreed that the petition for declaratory judgment be and is hereby dismissed; and an exception is granted to plaintiff, the Indemnity Insurance Company of North America, to the action of the court in this regard.