## Vigilante et al. v. Accor et al.

*Herbert Goldberg*, for plaintiffs.
*High, Dettra & Swartz*, for defendants.

KNIGHT, P. J., August 19, 1938.—This is the second time this case has been before the court in banc. Upon our first consideration of the answer we discovered that one of the necessary defendants, Harry Accor, had not been served with the petition; therefore we continued the case until the February argument court. The record now shows service on Accor, and we have before us the questions of law raised in the answer. The facts are set forth in our prior opinion filed December 24, 1937, and it is unnecessary to repeat them at this time.

The sole question of law raised is whether petitioners have any legal right to have the disputed matters alleged

in the petition determined under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, as amended by the Act of April 25, 1935, P. L. 72.

Section 1 of the Uniform Declaratory Judgments Act of 1923, supra, confers upon courts of record the power to declare rights, status, and other legal relations, and declares that no action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for.

Section 12 of the act declares the act to be remedial and to be liberally construed and administered.

This broad grant of power has been restricted and limited by judicial interpretation. Thus in the leading case in Pennsylvania, Kariher's Petition (No. 1), 284 Pa. 455, the court laid down the following rules applying to declaratory judgment practice under the act:

A real controversy must exist; moot cases will not be considered.

Whether or not jurisdiction will be taken in a particular case is a matter of judicial discretion.

Jurisdiction will not be assumed when another statutory remedy has been specially provided for the case in hand or unless the tribunal appealed to is satisfied that an actual controversy, or the ripening seeds of one, exists between the parties, all of whom are sui juris and before the court, and that the declaration sought will be a practical help in ending the controversy.

Some of these rules are incorporated in the amending Act of 1935, supra.

The controversy between the parties to this proceeding is whether Mary Accor was the lawful wife of Thomas Accor when she signed the mortgages described in the petition and when she died.

This is a real controversy. Upon the answer to this question depends the status of petitioners in relation to the Springfield Township property. Upon it may depend the validity of the mortgages.

We know of no statutory remedy which would be available to petitioners, nor would any common-law remedy, in our opinion, give complete and equitable relief. True, petitioners could have gone into the equity side of the court and, by a bill for an accounting, or a bill to quiet title, raised the issues here involved, but would such proceedings have been any more available or appropriate than the method they seek here to pursue? We think not.

From our reading of the cases, we are of the opinion that the Uniform Declaratory Judgments Act is not to be used when any other remedy is equally available and appropriate. See Erie City et al. v. Phillips, Admx., 323 Pa. 557, Kariher's Petition (No. 1), supra, Bergman v. Gross et al., 329 Pa. 67, and Nesbitt v. Manufacturers' Cas. Ins. Co., 310 Pa. 374. In this case, however, we have the rights of the mortgagees and also of the surviving husband to consider. In its facts, it is somewhat similar to Orndoff et al. v. Consumers Fuel Co. et al., 308 Pa. 165, where a petition for declaratory relief was entertained.

In the present case we feel, with the rights of the mortgagees involved, that declaratory relief furnishes the most appropriate remedy available to petitioners. By it the status of the parties as owners and mortgagees may be determined. It is true that, in the case of Thornton et al. v. Pierce, 328 Pa. 11 (a case which it would pay petitioners to examine well), in a somewhat similar situation, relief was sought by bill in equity. Here, however, we have not only the rights of the mortgagees but also the real owners to consider.

It has been held that the fact that an equitable remedy exists will not necessarily oust the jurisdiction of the court under a petition for declaratory relief.

We have given this case considerable study and have arrived at the conclusion that the question of law must be decided against defendants.

And now, August 19, 1938, the questions of law are decided against defendants, who are allowed 15 days from the filing of this opinion to answer on the merits.