Gerety Estate.

Argued April 13, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Alfred S. Swoyer,* with him *Daniel H. Jenkins,* for appellants.

418

*Clement J. Reap,* for appellee.

PER CURIAM, May 22, 1944:

A petition for reargument has been presented. An order was made following the argument sustaining the appeal and remitting the record without prejudice.*

The case arose under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, as amended by the Act of April 25, 1935, P. L. 72, and supplemented by the Act of May 22, 1935, P. L. 228, 12 PS, section 831, *et seq,* as amended by the Act of May 26, 1943, P. L. 645.

The sole question is one of establishing the *identity* of the executrix and residuary legatee named in the will. Appellee, *Margaret* McCarty, claims that she is the *Mary* McCarty designated in the will, whereas next of kin of Mary McCarty, the deceased wife of testatrix's brother, maintain that their decedent was the individual named in the will. A decision was sought by means of the Uniform Declaratory Judgments Act. The court below accepted the petition and passed upon the merits. This was error.

It is well established that the remedy under the Declaratory Judgments Acts is not an optional substitute for established and available remedies: *Taylor v. Haverford Township,* 299 Pa. 402, 149 A. 639; *Erie v. Phillips,* 323 Pa. 557, 187 A. 203; *Capital Bank and Trust Company's Petition,* 336 Pa. 108, 6 A. 2d 790; *Oberts v. Blicken,* 131 Pa. Superior Ct. 77, 198 A. 481.

---

* PER CURIAM: AND Now, April 14, 1944, a declaratory judgment is not the appropriate proceeding to test the validity of a grant of letters testamentary, or to fix the identity of distributee under the provisions of a will. In both cases there exists an adequate and well-defined remedy provided by law. In the first case, the question may be tested by an appeal from the Register of Wills. In the other, all questions of distribution must be determined at the audit of the fiduciary's account.

The appeal is sustained and the decree reversed, without prejudice, and the record remitted. Costs to be paid out of the estate.

This Court decided that under the Act of 1923, supra, a declaratory judgment proceeding will not be entertained *where another statutory remedy has been specifically provided: Kariher's Petition (No. 1)*, 284 Pa. 455, 471, 131 A. 265. In subsequently amending the Act of 1923, the Legislature, by the Act of April 25, 1935, supra, adopted this view when it specifically enacted (p. 73) *"Where, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed."*

In the case now before us the Register of Wills probated the will and issued letters testamentary to appellant. This constituted a judicial act by the Register. If, as contended by the appellant, the Register improperly issued letters to Margaret McCarty, the appropriate remedy provided by statute was to appeal to the Orphans' Court under Section 21 (a) of the Register of Wills Act of 1917, P. L. 415, 20 PS, section 2005.

Should the parties conclude not to contest the validity of the appointment of the executrix, but to confine the contest to a question of distribution wherein the *identity* of the residuary legatee is to be determined, there again a statutory remedy is provided. The Orphans' Court Act of 1917, Section 9 (e), P. L. 363, 20 PS, section 2245, confers exclusive jurisdiction on the Orphans' Court over "The distribution of the assets and surplusage of the estate of decedents among creditors and others interested." Identity of legatees is a matter for an orphans' court determination at the audit of the account: see cases cited in Hunter's Commonplace Book, Vol. II, p. 759, *et seq.*

It is therefore apparent that the question on which the declaratory judgment was desired is actually in process of adjudication under prescribed statutory procedure, a process which may not be interrupted by the petition considered below.

The petition for reargument is refused.