## Moorehead v. Northumberland County Retirement Board

*Michael Kivko*, for plaintiff.
*Daniel F. Martini*, for defendant.

PER CURIAM, August 27, 1953.—Petitioner, Evelyn K. Moorehead, brings this proceeding under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS §831, as amended, to have determined the amount due her from the Northumberland County Retirement Board as the result of the death of her husband, who, in his lifetime, had been a county employe. The board answered, admitted the pleaded facts, and agreed the questions involved should be presented for a declaratory judgment and decree of this court.

It is well settled that jurisdiction cannot be conferred by the mere agreement of the parties: Valley Railroad Co. v. Delaware, Lackawanna & Western Railroad Co., 346 Pa. 579, but a reference to the pleadings shows defendant's admission to the existence of a controversy between the parties within the meaning of the statute. We conclude, under the amendatory Act of May 26, 1943, P. L. 645, 12 PS §836, this court has jurisdiction: Philadelphia Manufacturers Mutual Fire Insurance Company v. Rose, 364 Pa. 15.

The admitted facts disclose that in the year 1941, in accordance with the provisions of the Act of August 5, 1941, P. L. 803, the Northumberland County Commissioners duly established a retirement system for county employes and officers, effective January 5, 1942. Calvin Moorehead, the husband of petitioner, who was employed as deputy controller of the county since January 1, 1938, immediately notified the county retirement board of his intention to become a member of the system. He continued this membership until the date of his retirement as a county employe.

On October 20, 1952, Calvin Moorehead became ill and was admitted to a local hospital. While thus a patient, this court, on October 27, 1952, pursuant to a petition averring he was incompetent to manage his estate, and hence liable to become the victim of designing persons, appointed the First National Bank of

Sunbury guardian thereof. He was, at this time, 71 years of age and eligible for superannuation retirement under the provisions of the act.

The bank, as such guardian, on October 29, 1952, alleging it was for the best interest of its ward, petitioned for and received authority from this court to signify the desire of the ward to retire as an employe of the county at the close of business on that day. At the same time, with the authority of the court, the guardian filed, on behalf of its ward, an application for retirement allowance, an election of retirement benefits under section 12, option 1, of the Act of 1941, supra, as amended, and designated petitioner, Evelyn K Moorehead, the beneficiary in the event of the death of its ward. Mr. Moorehead died the same day, at 10:30 p. m.

Section 12 of the Act of August 5, 1941, P. L. 803, supra, as amended by the Act of May 10, 1951, P. L. 233, provides, inter alia:

"At the time of his superannuation retirement any beneficiary may elect to receive his retirement allowance payable throughout life . . . with the provision that Option 1, if he die before receiving in payments the present value of his member's annuity and county annuity as it was at the time of his retirement, the balance shall be paid . . . to such person having an insurable interest in his life as he shall nominate by written designation duly acknowledged and filed with the board at the time of his retirement, or at any time thereafter."

Section 11 of the Act of 1941, supra, as amended, provides that a contributor, who has reached the superannuation retirement age, may retire by filing with the board a written statement setting forth, inter alia, at what time he desires to be retired. This application shall retire the contributor at the time so specified. The value of Mr. Moorehead's member's annuity and county

annuity, at the time of his death amounted to the sum of $8,289.28, for which petitioner has filed her claim.

The members of the retirement board question the validity of the retirement of this county employe, as well as his election and designation under the provisions of the act and resist payment of the sum claimed by petitioner. They point to section 17 of the act, which provides: "Where a contributor . . . has died, then the amount standing to the credit of the contributor in the member's annuity reserve shall be paid to him or his estate or to the person named in any beneficiary certificate filed by the contributor with the board."

On April 28, 1942, this county employe named the petitioner, his wife, Evelyn K. Moorehead, in a beneficiary certificate, which was filed with the board. The amount standing to the credit of Mr. Moorehead in his member's annuity reserve account, at the time of his death, amounted to $4,067.75, which the board is willing to pay petitioner.

The real question involved herein relates solely to the power of this court in connection with the act of a guardian. May a guardian of the estate of an incompetent person, during the lifetime of its ward, by authority of the court, file the ward's intention to retire as a county employe, apply for retirement allowance, and elect the manner in which the retirement allowance shall be paid?

The Act of June 28, 1951, P. L. 612, sec. 401, 50 PS §1781, provides: "The guardian of the estate of an incompetent, until it is distributed or sold, shall have the right to, and shall take possession of, maintain and administer each real and personal asset of the incompetent . . .".

The guardian, under this act, has wide powers enumerated, and, in addition, the act is not to be con-

strued to limit the inherent powers and duties of a guardian: 50 PS §1800.

Retirement pay is defined as adjusted compensation presently earned, which, with contributions from employes, is payable in the future: Hamilton v. Wilson, 172 Pa. Superior Ct. 437, 443. Calvin H. Moorehead was an original member of the county retirement system. This status gave him the right to recognition of his prior service. His payments gave him a vested right to retirement pay, which, because of the fact he had reached the superannuation retirement age, ripened into a full contractual obligation. Neither dismissal from service, nor any involuntary removal can affect this vested right to retirement pay: Haldeman v. Hillegass, Chairman, et al., 335 Pa. 375, 386.

In the instant case a mental illness involuntarily removed from the county employ a 71-year-old member of the county retirement system. If this employe had not been incompetent, no one could deny his absolute right to resign, apply for retirement allowance, and elect the manner in which the allowance should be paid; nor is there any valid reason for denying the power of the guardian to deal with the interest of this county employe as he himself would if he were competent and cognizant of all the facts.

It is true the guardian of the estate of this incompetent had no statutory power to signify the intention of its ward to retire, make application for retirement allowance, and elect retirement benefits, it could only act as directed and empowered by the court: Gerlach's Estate, 127 Pa. Superior Ct. 293. The denial of the power of the guardian to deal with this fund, with leave of court, would destroy the power of anyone to deal with it. In the final analysis, under statute, the court's undoubted duty is to exercise its protective power over the person and estate of the incompetent. A feeble-minded or weak-minded person is the ward of the court

appointing the guardian, and the guardian is simply its agent in protecting him and his estate: Harvey Appeal, 170 Pa. Superior Ct. 289. Under the circumstances, we make the following

*Order*

And now, August 27, 1953, upon consideration of the petition and answer filed, it is decreed petitioner, Evelyn K. Moorehead, is entitled to receive the value of Calvin H. Moorehead's member's annuity and the county annuity in the sum of $8,289.28. It is further directed that the Northumberland County Retirement Board pay to Evelyn K. Moorehead out of the retirement fund this sum. Costs to be paid by defendant herein.